HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TACOMA REHAB, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW,<br><br>                Defendant. | CASE NO. C16-5164 RBL<br><br>ORDER DENYING TRO AND SETTING PRELIMINARY INJUNCTION HEARING |

THIS MATTER is before the court on Plaintiff Tacoma Rehab's Motion for a Temporary Restraining Order [Dkt. # 3]. Tacoma Rehab claims that the Defendant SEIU is engaged in "illegal" activity in violation of the parties' Collective Bargaining Agreement, including "directing employees not to sign up for voluntary extra hours." It claims that the CBA specifically prohibits this and similar conduct, and requires the union to "publically disavow" such activities.

Tacoma Rehab seeks a TRO prohibiting the Union from violating the CBA in these ways. The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415

U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Tacoma Rehab has not met this standard in its initial showing. It has not shown that it is likely to succeed on the merits or that it will be irreparably harmed in the absence of injunctive relief. The conduct alleged is not "illegal"; it is at most a breach of contract.

The Court will hold a hearing on Tacoma Rehab's application for a preliminary injunction on **March 18, 2016, at 2:00 p.m**. The parties should be prepared to address the factual and legal underpinnings of the dispute and the standard for injunctive relief.

IT IS SO ORDERED.

Dated this 3rd day of March, 2016.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge